UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY M. VODICKA, § | |
| Plaintiff, § | |
| § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. |
| § | 3:06-CV-2014-R |
| § | ECF |
| SOUTHERN METHODIST § | |
| UNIVERSITY, ET AL., § | |
| Defendants. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Motion for Partial Summary Judgment (filed November 20, 2006) (Dkt. No. 22). After careful consideration of all parties' submissions and the law applicable to the issues before the Court , the Court **GRANTS** this Motion.

### I. BACKGROUND

Plaintiff, Gary Vodicka (Vodicka), and Intervenor, Robert Tafel (Tafel), sued Southern Methodist University and Peruna Properties, Inc. ( SMU and Peruna) for fraud, misrepresentation, breach of fiduciary duties, breach of contract, breach of property rights, and racketeering. Vodicka alleges that SMU, through their companies Peruna Properties, Inc., Pony Properties, Inc. and other conspirators, engaged in unlawful activities to gain title to his residence, the University Gardens Condominiums.

The University Garden Condominiums (UGC) were created in July 1976 under the Texas

1

Condominium Act. In accordance with the Act, the UGC Declaration provided that owners representing 75% or more of aggregate ownership may agree that the condominiums were obsolete and should be sold. Vodicka owned four units and Tafel owned one unit.

In February 1999, SMU, through Peruna, began to purchase units at UGC. Due to owner concerns about Peruna's acquisition of multiple units, the UGC Homeowners' Association (Association) passed an amendment limiting any single owner from owning more than ten percent of the UGC units. Peruna challenged the amendment, and in September 2001 the parties reached a settlement agreement repealing the restriction. Peruna eventually gained a 93% majority interest in UGC.

On June 6, 2005, Peruna submitted a written request for a Special Meeting to the Association President. Peruna wished to vote on a proposal that the condominiums were obsolete and should be sold. The request was granted by the Board of Directors, and notices were sent to members of the Association along with an engineering report opining that UGC needed $12.4 million in repairs. On June 27, 2005, by a majority vote, the Association adopted the resolution agreeing that UGC was obsolete and should be sold pursuant to Section 32.G of the Declaration.

On December 6, 2005, the Board reviewed the bids to purchase UGC and voted to accept Peruna's offer. Thereafter, the Association, acting as attorney-in-fact for all of the owners, including Plaintiff and Intervenor, entered into a contract of sale of UGC to Peruna. On December 15, 2005, the sale was consummated and the Association conveyed the property to Peruna pursuant to the Special Warranty Deed.

Vodicka and Tafel claim that the Association's actions constituted a breach of fiduciary and contractual duties sufficient to warrant recision and cancellation of the Special Warranty Deed.

Specifically, the parties claim (1) the Declaration and or Bylaws were breached, (2) the Special Warranty Deed signed by the Association was without Plaintiff's authority, and (3) fraud invalidates the deed. Peruna argues that the University Gardens Association and Directors lawfully voted that the condominiums were obsolete and validly sold UGC to Peruna pursuant to the Declaration and Bylaws. Therefore, Peruna claims they are the fee simple owners of the UGC and possess superior title.

Vodicka timely filed this lawsuit in Dallas County District Court, 134th Judicial District, case number 05-07746. The case was removed to this Court on November 2, 2006 (Dkt No. 1) under 28 U.S.C. §1331. On July 14, 2006, Peruna filed a Motion for Partial Summary Judgment on its trespass to try title action. Peruna asks the court to award immediate possession of all former University Gardens Condominiums.

## II. ANALYSIS

To prevail in a trespass to try title action, a plaintiff must (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The Court finds that Peruna has established superior title out of a common source. Vodicka and Tafel formerly owned units in the University Gardens Condominiums and serve as the common source of title. (*See* Peruna's Appendix, Exhibit A, Exhibits 9-13 – App. 113-133, App. 134-37.) Therefore, the Court grants Peruna's Motion for Partial Summary Judgment for the following reasons: (1) Vodicka has produced insufficient evidence that the Declaration or Bylaws were breached, (2) Vodicka has produced

insufficient evidence that the Special Warranty Deed was unauthorized or invalid, and (3) Peruna owed no fiduciary duty to Vodicka.

**A. Summary Judgment Standard**

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . ." FED. R. CIV. P. 56(c)).  An issue is material if it involves a fact that might affect the outcome of a suit under governing law. *See Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The court must inquire as to whether there is sufficient evidence upon which reasonable jurors could properly find by a preponderance of the evidence that Plaintiff is entitled to a verdict. *Anderson*, 477 U.S. at 249-50. In other words, summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A "sufficient showing" consists of more than a scintilla of evidence in support of the moving party's position. *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of an essential element).

**B. Vodicka has produced insufficient evidence that the Association breached the Declaration or Bylaws.**

No genuine issue of material fact exists as to Vodicka's claims that the Association or Board breached the University Gardens Condominiums Declaration or Bylaws. Vodicka claims the procedure to vote for obsolescence was unauthorized under the Declaration and Bylaws. However, the summary judgment evidence shows that the actions taken by the Association were in accordance with the Texas Condominium Act and the Declaration. Specifically, under Section 32.G, the Declaration authorized the owners of the University Gardens Condominiums to agree the property was obsolete and should be sold:

> [t]he owners representing an aggregate ownership interest of seventy-five (75%) or more, of the general common elements may agree that the condominium units are obsolete and that the same should be sold.

(*See* Peruna's Appendix, Exhibit A, Exhibit 2 – App. 28; *see also*, TEX. PROP. CODE ANN. § 81.110).

5

By the requisite percentage of votes, the members of the Association adopted a Resolution agreeing that the condominiums were obsolete and should be sold. Thereafter, the Association, as attorney-in-fact for the members of the Association, including Plaintiff and Intervenor, sold the condominiums to Peruna.

In addition to many technical arguments about the definition of "owner," Vodicka argues that the obsolescence vote was invalid because the Declaration requires that more than one owner must agree. Specifically, he argues that Peruna, even holding a 93% majority interest, was a single owner with one vote that was incapable of agreeing with itself. However, this argument fails because the Bylaws state that voting should be on a per unit basis. (*See* Peruna's Appendix, Exhibit A, its Exhibit 2, App. 54, By-Law Article II No. 2; *see* Peruna's Appendix, Exhibit A, Exhibit 2 – App. 30, Article 37.C of the Condominium Declaration). Therefore, the Court finds that Vodicka has produced insufficient evidence that the Association breached the Declaration or Bylaws.

**C. Plaintiff has produced insufficient evidence that Special Warranty Deed was invalid.**

No genuine issue of material fact exists as to Vodicka's claims that the Special Warranty Deed was invalid. Vodicka presents many technical arguments concerning the contractual language of the deed to prove there was a defect in the chain of title. Principally, that the deed was unauthorized because his name does not appear as grantor. Further, he argues that the Special Warranty Deed is ineffective for the Dallas County appraisal District and the county and city taxing jurisdiction because he continues to receive the tax statement for the property. This Court has reviewed all of Vodicka's technical claims and finds that the appearance of the Association's name on the deed as Attorney in Fact is sufficient to convey the property to Peruna. Therefore, the Court

finds that Vodicka has produced insufficient evidence that the Special Warranty Deed was invalid or unauthorized.

**D. Peruna owed no fiduciary duty to Vodicka.**

Vodicka attempts to avoid the trespass to try title action by claims that Defendants breached their fiduciary duty and engaged in self-dealing which should warrant a rescission of the Special Warranty Deed. The Court declines to address the fiduciary duty claims as they are misplaced in this summary judgment action. The University Gardens Homeowners Association and other Defendants, not Peruna, would owe a fiduciary duty, if any. Therefore, fiduciary duty claims are irrelevant as to the movant Peruna Properties, Inc., the valid purchaser of the property.

### III.  CONCLUSION

Plaintiff and Intervenor acquired their units subject to the University Gardens Declaration which was a covenant running with the land. *See Bd. of Dirs. of By the Sea Council of Co-Owners, Inc. v. Sondock*, 644 S.W.2d 774, 780 (Tex. App. – Corpus Christi 1982, writ ref'd n.r.e.). The agreement by the Association to declare the condominiums obsolete and sell was in accordance with the Declaration and the Texas Condominium Act. The Association, acting as attorney in fact properly sold the units and conveyed them to Peruna pursuant to a Special Warranty Deed. Plaintiff and Intervenor are the common source of title which was purchased by Peruna. Therefore, Peruna is the fee simple owner of all former University Gardens Condominiums including those of Plaintiff, Intervenor, and Third Party Defendants, Garry Jetton and James Michael Moore.

For the reasons stated above, the Court **GRANTS** Peruna's Motion for Partial Summary

Judgment on the trespass to try title claim.

**It is so ORDERED.**

**ENTERED: December 7, 2006.**

_____

**JERRY BUCHMEYER,**

**SENIOR U.S. DISTRICT JUDGE**

**NORTHERN DISTRICT OF TEXAS**

8